IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARL DWIGHT TUCKER,

Petitioner,

v.                                              CASE NO. 07-3033-SAC

DAVID R. McKUNE,

Respondent.

O R D E R

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner proceeds pro se and submitted the filing fee.

**Background**

Petitioner was convicted in the District Court of Sedgwick County, Kansas, in August 1997 of aggravated battery and criminal possession of a firearm.  His conviction was affirmed by the Kansas Court of Appeals in November 1999, and the Kansas Supreme Court denied review in February 2000.

On January 29, 2001, petitioner filed a petition pursuant to § 2254.[1]  That action was dismissed without prejudice on December 3, 2001, by the Honorable Dale E. Saffels of this court, due to petitioner's failure to exhaust his claims for relief by presenting them to the state courts.

---

[1] Tucker v. Nelson, et al., Case No. 01-3031-DES.

In July 2002, petitioner filed a state post-conviction action pursuant to K.S.A. 60-1507, presenting the claims which had been set forth in the federal habeas corpus action. Following the denial of relief by the state district court, the Kansas Court of Appeals reversed in part, and remanded the matter for an evidentiary hearing. The district court conducted the hearing but again denied relief. The Kansas Court of Appeals affirmed that decision, and the Kansas Supreme Court denied review in September 2006.

The present petition was executed on January 23, 2007. Petitioner presents the same claims he advanced in his state court action filed under K.S.A. 60-1507.

<u>Discussion</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period for the filing of federal habeas corpus petitions. 28 U.S.C. 2244(d)(1). This period generally begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). Thus, petitioner's conviction was final for habeas corpus purposes on approximately May 11, 2000, and the limitation period began to run. See <u>Locke v. Saffle</u>, 237 F.3d 1269, 1273 (10th Cir. 2001)(a conviction becomes final for habeas corpus purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court expires).

The one-year limitations period is tolled for "[t]he time

during which a properly filed application for State postconviction relief ... is pending." 28 U.S.C. 2244(d)(2) (2000). However, the limitation period is not tolled by the pendency of a federal petition for habeas corpus. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001)(holding "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition."). Therefore, the limitation period ran from mid-May 2000 and expired one year later.

Although the limitation period is subject to equitable tolling in extraordinary circumstances, Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), such tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001).

The Supreme Court explained the standard in Pace v. DiGuglielmo, 544 U.S. 408 (2005), stating that, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Id., 544 U.S. at 418.

The present record does not suggest such circumstances. First, although petitioner's conviction became final in May 2000,

3

he did not file his first federal petition until January 2001. Next, although review of his state action pursuant to K.S.A. 60-1507 was final in September 2006, petitioner did not file the present action until January 2007.

Likewise, while petitioner argues he should have been advised of that the limitations period was not tolled by the pendency of the state court action, the court has found no authority that imposes such a duty on the courts. <u>See</u> <u>Pliler v. Ford</u>, 542 U.S. 225 (2004) (holding that district courts are not required to give specific advisements before the dismissal of a mixed petition or "to act as counsel or paralegal to pro se litigants"). Accordingly, the court finds no basis for equitable tolling on the present record and will dismiss this matter as untimely.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed as untimely.

IT IS FURTHER ORDERED petitioner's motion to relate back (Doc. 2) is denied as moot.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED**.

DATED:  This 1st day of March, 2007, at Topeka, Kansas.


S/Sam A. Crow
SAM A. CROW
U.S. Senior District Judge